```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


Gerald D. Fields,               :

        Plaintiff,               :

    v.                           :     Case No. 2:15-cv-1271

Ohio Department of               :     JUDGE EDMUND A. SARGUS, JR.
Rehabilitation and Correction,         Magistrate Judge Kemp

        Defendant.               :
```

REPORT AND RECOMMENDATION

This case, filed by Gerald D. Fields, a state prisoner currently housed in the Franklin Medical Center, is before the Court on Mr. Fields' motion for default judgment and for an initial screening pursuant to 28 U.S.C. §§1915(e) and 1915A. For the following reasons, the Court will recommend that the motion for default judgment be denied. Further, because Mr. Fields has named as a defendant only the Ohio Department of Rehabilitation and Correction, the Court will recommend that this case be dismissed on grounds of Eleventh Amendment immunity.

I. Motion for Default Judgment

Turning first to the motion for default judgment, two problems with this motion are quickly apparent from the Court's docket. First, Mr. Fields has not provided a completed summons to allow service to be made on the ODRC. "'It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or default judgment may be entered against a defendant.'" Long v. Finch, 2015 WL 1637517, *4 (E.D. Mich. April 13, 2015), quoting Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D.Md. 1996). Further, a motion for default judgment is governed by Fed.R.Civ.P. 55. The plain language of that rule indicates that an entry of default is

a prerequisite to an entry of default judgment. Redd v. Vails, 2015 WL 1808347, *2 (E.D. Mich. April 21, 2015). Mr. Fields has not requested the entry of default nor could such entry occur given that service has not been completed. For these reasons, the Court will recommend that Mr. Fields' motion for default judgment be denied.

## II.  Initial Screening

Turning to the merits of Mr. Fields' complaint, 28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." 28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit. The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A. Pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint will be considered.

According to the complaint, Mr. Fields believes he was awarded insufficient compensation by the Ohio Court of Claims in connection with an action for negligence and deliberate indifference. As the Court reads the complaint, Mr. Fields contends that the ODRC impeded his access to documentation to support his claims as a result of its failure to establish reporting protocols and professional standards for medical attention. Mr. Fields requests monetary damages, including punitive damages, in relief.

The Eleventh Amendment to the United States Constitution bars suits against either a state or agencies of a state unless Congress has explicitly abrogated a state's immunity to suit or the state has consented to suit. Edelman v. Jordan, 415 U.S. 651 (1974). When a suit is barred by the Eleventh Amendment, the Court lacks jurisdiction over it and it must be dismissed without prejudice. Cf. Gwinn Area Comm. Schools v. State of Michigan, 741 F.2d 840, 846-47 (6th Cir. 1984).

The Ohio Department of Rehabilitation and Correction is an arm of the State. As such, it is immune from suit for damages under the Eleventh Amendment. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989); Foulks v. Ohio Dept. of Rehabilitation and Correction, 713 F.2d 1229, 1232 (6th Cir. 1983). Consequently, the Court will recommend dismissal of this action in its entirety on grounds of Eleventh Amendment immunity.

### III. Recommendation

For the reasons stated above, it is recommended that the motion for default judgment (Doc. 4) be denied.  It is further recommended that this case be dismissed on grounds of Eleventh Amendment immunity.  Should the Court adopt this recommendation, a copy of the complaint, this Report and Recommendation, and the dismissal order should be mailed to the defendant.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge