**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**GERALD D. FIELDS,**

      **Plaintiff,**

                            **Case No. 2:15-cv-1271**
**v.**                       **CHIEF JUDGE EDMUND A. SARGUS, JR.**
                               **Magistrate Judge Terence P. Kemp**

**OHIO DEPARTMENT OF**
**REHABILITATION AND**
**CORRECTION,**

      **Defendant.**

<u>**OPINION AND ORDER**</u>

This matter is before the Court for consideration of Plaintiff Gerald D. Fields' (the "Plaintiff") Objections to the Magistrate Judge's June 3, 2015 Report and Recommendation.  For the reasons that follow, the Court **OVERRULES** the Plaintiff's Objections (Doc. No. 6) and **ADOPTS** the June 3, 2015 Report and Recommendation (Doc. No. 5).  Accordingly, the Plaintiff's Complaint (Doc. No. 3) is **DISMISSED** with prejudice**.**

**I.**

On April 15, 2015, the Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. No. 1).  On April 17, 2015, the Magistrate Judge granted the Plaintiff leave to proceed *in forma pauperis* (Doc. No. 2) and the Plaintiff filed his Complaint.  He seeks relief under 42 U.S.C. § 1983. Specifically, the Plaintiff alleges that the Ohio Department of Rehabilitation and Correction ("ODRC" or the "Defendant") violated his Fourteenth Amendment rights by failing to follow established protocol and professional standards for providing and reporting medical care.  (Doc. No. 3, at PAGEID 45.)  As the Court reads the complaint, the Plaintiff contends that the ODRC's conduct impeded his access to documentation necessary to support a separate negligence and deliberate indifference action against the ODRC in the Ohio Court of Claims. (*Id.*

at PAGEID 45.)  The Plaintiff alleges that the ODRC's conduct resulted in an insufficient compensation award by the Court of Claims.  (*Id.* at PAGEID 45–46.)  The ODRC is the only defendant listed in the Complaint.  (*Id.* at PAGEID 38, 41.)

On May 27, 2015, the Plaintiff filed a motion for default judgment (Doc. No. 4) against the Defendant for failure to prosecute.  On June 3, 2015, the Magistrate Judge denied the Plaintiff's motion for default judgment due to the Plaintiff's failure to satisfy the statutory requirements of Federal Rule of Civil Procedure 55. (Doc. No. 5, at 1–2.)  Concurrently, the Magistrate Judge conducted an initial screen of the Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2) and recommended that the Plaintiff's claims be dismissed on grounds of Eleventh Amendment immunity.  (*Id.* at 3.)

The Plaintiff timely objects to the Magistrate Judge's decision and moves for permission to amend his pleadings to complete service of process on the ODRC.  (Doc. No. 6, at 1–2.)

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1)(C) provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001).

A pro se litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972).  Even so, pro se plaintiffs must still comply with the procedural rules that govern civil cases. *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted as to excuse mistakes by those who proceed without counsel."); *see also Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989)

2

("Neither [the Supreme Court] nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits.").

### III.

Because the Plaintiff has objected to the Report and Recommendation in its entirety, this Court will first review the Magistrate Judge's recommended denial of the Plaintiff's motion for default judgment. Next, the Court will review the Magistrate Judge's recommendation that the Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

#### A. Recommendation to Deny the Plaintiff's Motion for Default Judgment

After reviewing the record, the Court finds that the Magistrate Judge's recommendation to deny the motion for default judgment was appropriate because the Plaintiff failed to satisfy the procedural requirements of Federal Rule of Civil Procedure 55.

The Sixth Circuit does not favor default judgment, describing it as "a drastic step" that should only be used "in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.* 705 F.2d 839, 845 (6th Cir. 1983). On the "rare occasions" when default judgment is appropriate, certain procedures must be followed. *Long v. Finch*, No. 14-13269, 2015 WL 1637517, at *3 (E.D. Mich. Apr. 13, 2015).

Under Rule 55, default entry and default judgment are distinct procedural steps. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.,* 340 F.3d 345, 352–53 (6th Cir. 2003). A court cannot enter default judgment against a defendant unless the clerk of court has already entered a default against the defendant. Fed. R. Civ. P. 55; *see, e.g.*, *Heard v. Caruso*, 351 F. App'x 1, 15–16 (6th Cir. 2009); *O.J. Distrib., Inc.*, 340 F.3d at 352. Thus, a plaintiff cannot properly move for default judgment until he has successfully obtained a default entry against the defendant. *Heard*, 351 F. App'x at 16.

3

Rule 55 requires that a plaintiff take certain steps before the clerk can enter default against a defendant. *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. July 11, 2000). A defendant cannot be in default until service has been completed and the defendant subsequently "fail[s] to plead or otherwise defend." Fed. R. Civ. P. 55; *see also Sandoval*, 2000 WL 1257040, at *5 ("[T]here must be effective service of process on a defendant before an entry of default can be made."). "Accordingly, courts reject motions for default judgment where the defendant[] w[as] not served." *Long*, 2015 WL 1637517, at *4.

Here, the Plaintiff has not provided a completed summons to allow service on the ODRC. (Doc. No. 5, at 1.) Consequently, the clerk has not, and could not, enter a default against the Defendant. And without an entry of default by the clerk, this Court cannot award default judgment. As such, the Plaintiff's motion for default judgment must be denied due to the Plaintiff's failure to satisfy Rule 55's procedural requirements.

To remedy this procedural error, the Plaintiff now requests leave "to Amend his Pleadings by submitting a completed Process Receipt and Return . . . and Summons." (Doc. No. 6, at 1–2.) But such an amendment would be futile, as explained below, because Plaintiff's claim is barred by state sovereign immunity. As such, the Plaintiff's request to amend his Complaint is denied.

**B. Recommendation to Dismiss**

The Magistrate Judge's second recommendation is that the Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) on grounds of Eleventh Amendment immunity. After careful review, this Court adopts the Magistrate Judge's recommendation of dismissal.

1.

Under 28 U.S.C. § 1915(e), a court may dismiss an *in forma pauperis* plaintiff's case at any time if the court determines that the plaintiff's claim is frivolous or malicious.[1]  28 U.S.C. § 1915(e)(2)(B)(i); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992).  A plaintiff's claim is frivolous when it is without "a rational or arguable basis in law or in fact."  *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A plaintiff's claim does not have an "arguable legal basis" if the claim is brought against a defendant who is immune from suit.  *Collins v. Ohio Dep't of Rehab. & Corr.*, No. 1:07-cv-557, 2007 WL 2769592, at *1 (S.D. Ohio Sept. 18, 2007) (citing *Neitzke*, 490 U.S. at 327).  Section 1915(e)(2)(B)(iii) also explicitly authorizes a court to dismiss an *in forma pauperis* plaintiff's complaint if it seeks "monetary relief from a defendant who is immune."  Therefore, in order to avoid dismissal, the Plaintiff's claim must be brought against a defendant who is susceptible to suit under 42 U.S.C. § 1983.

The Eleventh Amendment to the United States Constitution precludes a private party from bringing suit against a state or any of the state's agencies unless the state has expressly consented to the suit or Congress has properly abrogated the state's sovereign immunity. *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 58 (1996); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978).  "Ohio has not waived its sovereign immunity in federal court."  *Mixon v. Ohio*, 193 F. 3d 389, 397 (6th Cir. 1999).  And "Congress did not intend to override well-established immunities or defenses under the common law" by enacting § 1983.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989).  Accordingly, there are very limited exceptions to state and state

---

[1] The Plaintiff contends that "28 U.S.C. 1915 and 1915A do not apply" because his "legal status is not that of a state prisoner."  (Doc. No. 6, at 2.)  The Plaintiff contradicts this assertion though on the first page of his Complaint where he states: "I am an inmate."  (Doc. No. 3, at PAGEID 38.)  Moreover, § 1915 applies to proceedings brought *in forma pauperis*; the Plaintiff is proceeding *in forma pauperis* here.  (Doc. No. 2, at 2.)

5

actor immunity here. *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009). First, a plaintiff may bring a claim against a state official acting in his or her official capacity if the plaintiff seeks only "prospective injunctive or declaratory relief." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 276–78 (1986)). Second, a plaintiff may bring a claim for monetary damages against a state official in his or her individual capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165–68 (1985); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998).

**2.**

The Plaintiff contends that the Magistrate Judge erred in finding his claim barred by the Eleventh Amendment because he has named the ODRC as the defendant, not the state. (Doc. No. 6, at 2.) However, "a plaintiff may not circumvent the Eleventh Amendment by simply naming a state agency or entity as a defendant." *LeBlanc v. Michigan*, No. 06-CV-13588-DT, 2007 WL 2225860, at *3 (E.D. Mich. Aug. 1, 2007) (citing *Brotherton v. Cleveland,* 173 F.3d 552, 559–60 (6th Cir. 1999)). State agencies constituting "arms of the State" enjoy absolute immunity from suits for damages. *Will*, 491 U.S. at 70–71. The ODRC's immunity from § 1983 claims, due to its state agency status, is well established in the Sixth Circuit. *See, e.g.*, *Turker*, 157 F.3d at 457–58; *Collins*, 2007 WL 2769592, at *2.

Here, the Plaintiff has named only one defendant—the ODRC. (Doc. No. 3, at PAGEID 38, 41.) The Complaint does not allege that any individual ODRC employee violated the Plaintiff's constitutional rights, but rather repeatedly states that the alleged perpetrator was the ODRC as an entity. (*Id.* at PAGEID 43, 45–46.) Accordingly, the Court finds the Plaintiff's first objection baseless, as the ODRC is absolutely immune from § 1983 suits for damages.

Moreover, § 1983 creates a cause of action against "persons" who have deprived a plaintiff of his constitutional rights. Neither the state nor its agencies are "persons" within the meaning of § 1983. *McGlone v. Ohio Dep't of Rehab. & Corr.*, No. 2:13–cv–0347, 2013 WL

3394676, at *2 (S.D. Ohio July 8, 2013); *see also Will*, 491 U.S. at 68, 71. Thus, the ODRC is not a "person" susceptible to suit under § 1983.

The Plaintiff's second objection is that the Eleventh Amendment does not bar his claim against the ODRC because the alleged conduct is not based in any public authority claimed by the Defendant. (Doc. No. 6, at 2.) This objection also misses the mark. Under the Eleventh Amendment, the ODRC, as a state agency, is *absolutely* immune from private party suits for damages. *See Turker*, 157 F.3d at 457; *Collins*, 2007 WL 2769592, at *2. Further, the ODRC is not a "person" susceptible to suit under § 1983. *McGlone*, 2013 WL 3394676, at *2; *see also Will*, 491 U.S. at 68, 71. Because the Complaint does not allege misconduct by any specific state employee, the Court's inquiry may end there. *See Cady*, 574 F.3d at 344.

The Plaintiff further objects to the Magistrate Judge's decision to raise the ODRC's immunity defense sua sponte, contending that "only the defendant, not the court, may raise a defense of immunity." (Doc. No. 6, at 2.) This objection is also unsupported by law.

It is true that if an immune defendant does not waive or raise its immunity defense, a court could "simply 'ignore' the issue." *Cady*, 574 F.3d at 344 (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998)). However, the Sixth Circuit follows "the jurisdictional-bar" approach to Eleventh Amendment immunity, holding that a federal court "'can raise the question of sovereign immunity sua sponte because it implicates important questions of federal-court jurisdiction and federal-state comity.'" *Id.* at 344–45 (quoting *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)); *see also Nair v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) ("Like subject-matter jurisdiction, a sovereign-immunity defense . . . may (and should) be raised by federal courts on their own initiative."). Because of the "quasi-jurisdictional" nature of an Eleventh Amendment defense, the defense may be "raised

at any stage of the litigation." *LeBlanc*, 2007 WL 2225860, at *3; *see also Mixon*, 193 F.3d at 397. Therefore, the Magistrate Judge's decision to raise and decide the question of sovereign immunity sua sponte was appropriate.

Finally, the Plaintiff objects to the Magistrate Judge's recommendation to dismiss the case before the ODRC has been served and given the opportunity to respond.

42 U.S.C. § 1915(e)(2) grants federal courts the power to dismiss an *in forma pauperis* case "at *any time*" if the court determines it is "frivolous" or if the plaintiff "seeks monetary relief against a defendant who is immune from such relief." (emphasis added). Courts often dismiss deficient complaints prior to the issuance of process "to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324. Such dismissals do not deny prisoners "adequate, meaningful access to the courts . . . as a meritorious claim will survive screening." *Hawkins*, 1999 WL 1023780, at *2. Given that the Plaintiff's claim is barred by state sovereign immunity, the Magistrate Judge properly recommended that the Court dismiss Plaintiff's Complaint prior to its service on the Defendant.

### IV.

For the foregoing reasons, the Court **OVERRULES** the Plaintiff's Objections (Doc. No. 6), and **ADOPTS** the June 3, 2015 Report and Recommendation (Doc. No. 5). Accordingly, the Plaintiff's Complaint (Doc. No. 3) is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

_____    11-4-2015

_____

**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**